LINH T. HUA (SBN: 247419)
lhua@grsm.com
JENAY N. YOUNGER: (SBN: 327627)
jyounger@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants
SUPERIOR POOL PRODUCTS LLC and
SCP DISTRIBUTORS LLC dba POOL CORP.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY MACIAS, <br><br> Plaintiff, <br><br> v. <br><br> SUPERIOR POOL PRODUCTS, LLC; SCP DISTRIBUTORS, LLC DBA POOL CORP.; and DOES 1 to 20, inclusive, <br><br> Defendants. | CASE NO. '22CV0722 AJB WVG <br><br> [San Diego County Superior Court Case No. 37-2022-00014082-CU-WT-CTL] <br><br> **NOTICE OF REMOVAL OF DEFENDANTS UNDER 28 U.S.C. 1441(b) (DIVERSITY)** <br><br> [Filed concurrently with Certification and Notice of Interested Parties; and Civil Case Cover Sheet] |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE ENTITLED COURT:

COMES NOW, Defendants, SUPERIOR POOL PRODUCTS LLC ("SPP") and SCP DISTRIBUTORS LLC DBA POOL CORP. ("Pool Corp"), which file this Notice of Removal of this case from the Superior Court of the State of California for the County of San Diego (Hall of Justice) to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446. SPP files this Notice of Removal with full reservation of any and all rights, defenses and objections, including but not limited to, insufficiency of process,

-1-
NOTICE OF REMOVAL OF DEFENDANTS UNDER 28 U.S.C. 1441(b) (DIVERSITY)

insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, statute of limitations, preemption, and no cause of action. In support of this Notice of Removal, the Defendant states as follows:

## INTRODUCTION

1. On April 14, 2022, Plaintiff Stacy Macias ("Plaintiff") filed an Unlimited Complaint for Damages against SSP and Pool Corp in the San Diego County Superior Court in the matter entitled *Macias v. Superior Pool Products, LLC; SCP Distributors, LLC dba Pool Corp.; and DOE 1 to 20, inclusive*, Case No. 37-2022-00014082-CU-WT-CTL (the "State Court Action"). Plaintiff's Complaint asserts the following causes of action: (1) Disability Discrimination Under Gov't Code 12940 *et seq.*; (2) Failure to Prevent Discrimination & Harassment in Violation of FEHA; (3) Unfair, Unlawful, Fraudulent Business Practices; (4) Failure to Provide Reasonable Accommodations Under Gov't Code § 12940 *et seq.*; (5) Failure to Engage in the Interactive Process; and (6) Wrongful Termination in Violation of Public Policy. In accordance with to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Petitioner in the state court proceedings is attached hereto as "Exhibit A."

## VENUE

2. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1441(a) because the county in which the State Court Action is pending is found within this District.

## THE NOTICE OF REMOVAL IS TIMELY

3. On April 19, 2022, the plaintiff served SPP and Pool Corp with a Summons and Complaint for Damages. SPP and Pool Corp file this Notice of Removal within thirty (30) days of its receipt of the initial pleadings and within one year of the commencement of the lawsuit as required by 28 U.S.C. § 1446(b). Accordingly, removal of this action is timely. No prior application for removal has

NOTICE OF REMOVAL OF DEFENDANTS UNDER 28 U.S.C. 1441(b) (DIVERSITY)

been made.

## DIVERSITY JURISDICTION EXISTS

4. This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 and is one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446. Specifically, Title 28 U.S.C. § 1441(a) provides that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as Defendants is a citizen of the state in which such action is brought." This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) and, this action is removable to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

5. Plaintiff alleges that she is a resident of Los Angeles County in the State of California. *See* Exhibit A at Plaintiff's Unlimited Complaint for Damages, p. 2, para.2. *See State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie evidence of the domicile").

6. Defendants SPP and SCP Distributors are limited liability companies organized and existing under the laws of the State of Delaware. For diversity jurisdiction purposes, however, the citizenship of a limited liability company is the citizenship of each of its members. *Carden v. Arkoma Associates,* 494 U.S. 185, 195 (1990). SPP is a single member limited liability company. Its sole member is a limited liability company, SCP Distributors LLC. The sole member of SCP Distributors LLC is Pool Corporation. A corporation is deemed to be a dual citizen of both its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Pool Corporation is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Louisiana. Thus, pursuant to *Carden* and 28 U.S.C. § 1332(c) (1), Petitioners are citizens of Delaware and Louisiana.

7. Defendants "DOES 1-20" were sued under "fictitious names." *See* Exhibit A at Plaintiff's Unlimited Complaint for Damages, p.2, para. 6. 28 U.S.C. § 1441(a) provides that "for purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." Thus, for purposes of establishing diversity of citizenship, this Court need not consider the citizenship of DOES 1-20. *See* 28 U.S.C. § 1441; *see also Fed. Ins. Co. v. Brasscraft Mfg. Co.,* No. CV 13-08867 MIMM EX, 2014 WL 545786, at *3 (C.D. Cal. Feb. 10, 2014).

8. Thus, complete diversity of citizenship exists between the Plaintiff and the Defendants.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

9. Included in the amount in controversy are claims for special and general damages, attorneys' fees, and punitive damages. *Lippold v. Godiva Chocolatier, Inc.,* No. C 10-00421 SI, 2010 WL 1526441, at *1 (N.D. Cal. Apr. 15, 2010). The allegations as set forth in Plaintiff's Unlimited Complaint for Damages establish an amount in controversy in excess of $75,000. Specifically, Plaintiff requests the following damages in her Complaint:

a. In her First Cause of Action, Plaintiff alleges violations of Government Code Section 12940, *et. seq.* and demands "a reasonable award of attorneys' fees and costs, including expert fees…" pursuant to Government Code Section 12965(b). She also requests "punitive damages in an amount appropriate to punish or make an example of defendants" and "exemplary and punitive damages against each defendant and deter others from engaging in such conduct" pursuant to Civil Code Section 3294.

b. In her Second Cause of Action, Plaintiff alleges additional violations of Government Code Section 12940, *et seq.* and demands damages pursuant to California Government Code §3287 and/or §3288, attorneys' fees and costs under Government Code §12965(b), and exemplary and punitive damages pursuant to Civil Code Section 4294 (sic).

     c.    In her Third Cause of Action, Plaintiff alleges she "lost money" as a result of SPP's alleged unfair competition and demands "restitution and disgorgement of profits." *See* Unlimited Complaint of Damages, para. 44, 45.

     d.    In her Fourth and Fifth Causes of Action, Plaintiff alleges additional violations of Government Code 12940, *et seq.* and that she "continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to his (sic) damage in an amount according to proof." *See* Plaintiff's Unlimited Complaint for Damages, para. 51. She further demanded "exemplary and punitive damages" and attorneys' fees and costs. *See* Plaintiff's Unlimited Complaint for Damages, paras. 53, 54, 55, 60, 61, 62.

     e.    In her Sixth and Seventh Causes of Action, Plaintiff alleges violations of Government Code § 12940, *et seq.* and demands damages for "loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation" pursuant to Government Code § 3287 and/or § 3288. Additionally, she demands damages for physical and emotional suffering. She further demands attorneys' fees and costs under Government Code §12965(b) and exemplary and punitive damages. *See* Plaintiff's Unlimited Complaint for Damages, paras. 66, 67, 68, 69, 73, 74, 75, 76.

10.    Plaintiff styled this matter as an Unlimited Complaint for Damages. By definition, an unlimited civil case in California state court is one where the amount in controversy exceeds the sum of $25,000. *See* California Code of Civil Procedure 85-88. Thus, at a minimum, Plaintiff seeks $25,000 in general damages in connection with each of her seven causes of action.

11.    Additionally, Plaintiff seeks punitive damages and attorneys' fees in connection with six of her causes of action. Where attorneys' fees are available to a prevailing party as a matter of right, they can be considered when determining the amount in controversy. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir.

1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 1004, 1011-1011 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

12. In employment cases, fee awards tend to be high. This amount alone can sometimes eclipse the $75,000 amount in controversy requirement for diversity jurisdiction. *Simmons v. PCR Technology,* 209 F. Supp.2d 1029, 1035 ("[M]aintaining a race discrimination claim will undoubtedly require substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Flannery v. Prentice,* 26 Cal.4th 572, 576 (2001) ("$891,042 in fees for the underlying case and $80,642 in fees and expenses for fee work" in FEHA action affirmed by Court of Appeal); *Akers v. County of San Diego,* 95 Cal.App.4th 1441, 1445 (2002) (affirming $249,345 in attorney fees in pregnancy/gender discrimination case).

13. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and is between citizens of different states.

**NOTICE IN STATE COURT**

14. A copy of this Notice of Removal is being served on the Plaintiff and will be filed in the record of the Superior Court of the State of California for the County of San Diego (Hall of Justice).

**RESERVATION OF RIGHTS**

15. Defendants reserve the right to amend or supplement this Notice of

1 Removal.

2     16.    Defendants reserve all rights, defenses, and objections, including, without limitation, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper cumulation, no right of action, lack of standing, statute of limitations, preemption, and not cause of action.

## JURY DEMAND

17. Defendants request a trial by jury of all issues.

**WHEREFORE**, Defendants, Superior Pool Products LLC and SCP Distributors LLC d/b/a Pool Corp, give notice that the matter styled as *Stacy Macias v. Superior Pool Products, LLC; SCP Distributors, LLC dba Pool Corp.; and Does 1-20, inclusive*, which was filed in the Superior Court of the State of California for the County of San Diego (Hall of Justice), is hereby removed to the United States District Court for the Southern District of California, and requests that this Court retain jurisdiction for all further proceedings.

Dated: May 19, 2022    GORDON REES SCULLY MANSUKHANI, LLP

By: */s/Linh T. Hua*
    Linh T. Hua
    Jenay N. Younger
    Attorneys for Defendants
    SUPERIOR POOL PRODUCTS LLC and
    SCP DISTRIBUTORS LLC DBA POOL CORP.