# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

SUPERIOR POOL PRODUCTS, LLC; SCP DISTRIBUTORS, LLC DBA
POOL CORP.; and DOES 1 to 20, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STACY MACIAS

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**04/14/2022** at 04:45:23 PM<br>Clerk of the Superior Court<br>By Melinda McClure, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*
   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: HALL OF JUSTICE<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* 37-2022-00014082-CU-WT-CTL |
|---|---|

330 West Broadway, San Diego CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter M. Lazarus Pacific Attorney Group 856 S Robertson Blvd Los Angeles CA 90035 310.659.6000

| DATE: 04/15/2022<br>*(Fecha)* | Clerk, by *M. McClure* M. McClure | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **SUPERIOR POOL PRODUCTS, LLC**

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Peter Lazarus (SBN 128055)
Brian Angelini (SBN 234072)
PACIFIC ATTORNEY GROUP
856 South Robertson Boulevard
Los Angeles, CA 90035
Tel: (310) 659-6000
Fax: (310) 659-4000
Attorneys for Plaintiff,
STACY MACIAS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/14/2022** at 04:45:23 PM

Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO (HALL OF JUSTICE)

|  |  |
|---|---|
| STACY MACIAS, | Case No. 37-2022-00014082-CU-WT-CTL |
| Plaintiff, | **UNLIMITED COMPLAINT FOR DAMAGES:** |
| v. | 1. DISABILITY DISCRIMINATION UNDER GOV'T. CODE 12940 *et seq.*; |
| SUPERIOR POOL PRODUCTS, LLC; SCP DISTRIBUTORS, LLC DBA POOL CORP.; and DOES 1 to 20, inclusive, | 2. FAILURE TO PREVENT DISCRIMINATION & HARASSMENT IN VIOLATION OF FEHA; |
| Defendants. | 3. UNFAIR, UNLAWFUL, FRAUDULENT BUSINESS PRACTICES; |
|  | 4. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS UNDER GOV'T. CODE § 12940 *et seq.*; |
|  | 5. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS; |
|  | 6. WRONGFUL TERMINATION IN VIOLATION OF FEHA; |
|  | 7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
|  | **DEMAND FOR A JURY TRIAL** |

1

COMES NOW PLAINTIFF, STACY MACIAS, and for causes of action against the defendants and each of them, alleges as follows:

## JURISDICTION

1.  This Court is the proper court, and this action is properly filed in SAN DIEGO County, because defendants' obligations and liability arise therein, because defendants maintain offices and transact business within SAN DIEGO County, and because the work that is the subject of this action was performed by Plaintiff in SAN DIEGO County.

## PARTIES

2.  Plaintiff, STACY MACIAS, (hereinafter referred to as "Plaintiff" or "Mrs. Macias" is and at all times relevant hereto was a resident of LOS ANGELES County, State of California.

3.  Plaintiff is informed and believes, and thereon alleges, that at all times herein, Defendant SUPERIOR POOL PRODUCTS, LLC (hereinafter referred to as "Defendant" or "LLC"), is an unknown business entity doing business within San Diego County, State of California.

4.  Plaintiff is informed and believes, and thereon alleges, that at all times herein, Defendant SCP DISTRIBUTORS, LLC DBA POOL CORP. (hereinafter referred to as "SCP"), is an unknown business entity doing business within San Diego County, State of California.  LLC and SCP are collectively referred to herein as "Defendant(s)").

5.  Defendant is Plaintiff's employer within the meaning of Cal. Government Code Sections 12926, subdivision (d), 12940, and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

6.  Plaintiff is unaware of the true names and capacities of defendants sued in this Complaint as Does 1 to 20 and therefore sues these defendants by these fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

2

COMPLAINT FOR DAMAGES

7.  The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 20, are currently unknown to plaintiffs who therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants was negligent or are otherwise legally responsible in some other actionable manner for the events and happenings referred to in this Complaint, and that plaintiff's injuries and damages as alleged in this Complaint were caused by that negligence or wrongful conduct. Plaintiff will seek leave of court to amend this Complaint and state the true names and/or capacities of the fictitiously named defendants when the same have been ascertained

8.  Plaintiff is informed, believes, and thereupon alleges on information and belief that each fictitiously named defendant is negligently or otherwise responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's injuries alleged here were directly and proximately caused by that negligence.

9.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants was the agent(s) and/or employee(s) and/or servant(s) of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency and/or employment and/or service, each with the consent of the other defendants.

10. Plaintiff is informed and believes, and upon such information and belief alleges, that the acts and conduct of the defendants, and each of them, herein after complained of, occurred in the County of SAN DIEGO, State of California.

11. Plaintiff properly filed complaints with the California Fair Employment and Housing Department (hereafter "DFEH") and Equal Employment and Opportunity Commission ("EEOC") and received his right to sue letters and notices of case closures thereby satisfying her administrative prerequisites with respect to these and related filings.

3

## AGENCY, ALTER EGO, AND JOINT EMPLOYER

12. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between defendant and Does 1 through 20, that the individuality and separateness of defendant has ceased to exist.

13. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of a purported corporate existence, defendant and Does 1 through 20 are all, in reality, one in the same, including without limitation, for the following reasons: defendant is completely dominated and controlled by Does 1 through 20, who personally committed the frauds and violated the laws as set forth, and who have hidden and currently hide behind defendant to perpetrate the frauds and violations, to accomplish wrongful and inequitable wrongs, funding personal expenditures, failure to comply with corporate formalities, funds and monies are commingled and cannot now be segregated, and defendant is a mere shell and conduit for such unlawful conduct.

14. Accordingly, defendant constitutes the alter ego of Does 1 through 20, and the fiction of their separate corporate existence must be disregarded.

15. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that defendant and Does 1 through 20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of defendant and Does 1 through 20. Plaintiff performed services for each and every one of defendants, and to the mutual benefit of all the defendants, and all defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which defendants' business was and is conducted.

## FACTUAL BASIS

16. Plaintiff was first hired by Defendant on or around August 2008 as a customer service agent. Plaintiff, at the time of her termination as discussed below, was making approximately $20.00 per hour as a non-exempt full time employee working approximately 40 hours per week.

4

17. Plaintiff's supervisor was Christopher McLaughlin.

18. On or around January 2019, Plaintiff suffered a work related injury and subsequently reported her injury to management. After fighting with Defendant, Plaintiff finally obtained the information she needed in order to file for a Worker's Compensation claim against Defendant.

19. As a result of her injury and as required by her medical care doctor, Plaintiff was forced to take time off of work, was forced to use sick time in order to recover from her ongoing injuries, and thereafter was consistently harassed and retaliated against by Defendants.

20. Since the time of her injury and as of the time that she filed for Workers Compensation, Plaintiff has been the victim of retaliation and harassment at the hands of her supervisor and co-workers. She received for the first time poor work performance evaluations and false comments about her job attendance and performance.

21. The culmination of Defendant's response to Plaintiff's injury occurred on April 17, 2020 when Defendant advised that she was being terminated despite the fact that the pool business was beginning to boom and booming at that time. Defendant's termination of Plaintiff's employment was a pretext to terminate her employment in light of her ongoing injury and Workers Compensation claim.

22. On or around April 17, 2020, Plaintiff's employment was terminated because of her injury and Workers Compensation claim. Shortly after Plaintiff's position was termination, a new employee was hired to take over the position.

23. Because the acts taken toward Plaintiff were done by managerial employees acting in deliberate, callous, cruel and unusual and intentional manner, in conscious disregard of Plaintiff's rights, and in order to injure and damage her, Plaintiff requests that punitive damages be levied against defendants and each of them, in sums in excess of the jurisdictional limit of this Court.

5

**FIRST CAUSE OF ACTION**
**Disability Discrimination**
**(Against Defendant and DOE Defendants)**

24. Plaintiff re-alleges the foregoing paragraphs 1-23 of this complaint and incorporates same by reference as though set forth in full here.

25. At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on DEFENDANT, as DEFENDANT regularly employs five (5) or more persons.

26. FEHA requires DEFENDANT to refrain from discriminating against employees on the basis of one or more protected characteristics, including disabilities and medical conditions.

27. At all times hereto, Plaintiff was performing competently in the position she held with DEFENDANT.

28. Plaintiff is a member of a protected class with disabilities or perceived disabilities, medical condition.

29. Plaintiff suffered the adverse employment actions of disability discrimination, retaliation, denied reasonable accommodation, laid-off, terminated, and was harmed thereby.

30. Pursuant to Government Code Sect. 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to FEHA.

31. The foregoing conduct of DEFENDANT, individually, or by and through their managing agents, was intended by DEFENDANT to cause injury to Plaintiff or was despicable conduct carried on by DEFENDANT with a willful and conscious disregard to Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code Sect. 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of defendants.

6

32. In committing the acts alleged herein, DEFENDANT has engaged in oppression, fraud, and/or malice pursuant to Cal. Civil Code Sect. 4294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law.  The acts of oppression, fraud and/or malice were engaged in by the officers, directors, and/or employees of DEFENDANT.  Each defendant aided and abetted, participated in, authorized, ratified and/or conspired to engage in the wrongful conduct alleged in this Complaint.  As such, Plaintiff should be awarded exemplary and punitive damages against each defendant and deter others from engaging in such conduct.

**SECOND CAUSE OF ACTION**
**Failure to Prevent Discrimination and Harassment in Violation of FEHA**
**(Against DEFENDANT and DOE Defendants 1-20)**

33. Plaintiff re- alleges the foregoing paragraphs 1-32 of this complaint and incorporates same by reference as though set forth in full here.

34. At all times herein, Cal. Government Code §12940 et seq., was in full force and effect and was binding on DEFENDANT as DEFENDANT regularly employ five (5) or more persons. Cal. Government Code §12940(k) requires employers to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

35. DEFENDANT willfully failed to take any actions to prevent discrimination from occurring.  Instead, DEFENDANT pursued discriminatory actions against Plaintiff, including terminating Plaintiff's employment, and allowing the discriminatory conduction to continue.

36. As a proximate result of DEFENDANTS' acts and actions, Plaintiff has suffered and will continue to suffer actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts of damages pursuant to California

7

Government Code §3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

37. As a proximate result of the wrongful acts of DEFENDANT, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period of time in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

38. As a proximate result of the wrongful acts of DEFENDANT, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fee and costs under California Government Code §12965(b).

39. In committing the acts alleged herein, DEFENDANT has engaged in oppression, fraud, and/or malice pursuant to Cal. Civil Code Sect. 4294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors, and/or employees of DEFENDANT. Each defendant aided and abetted, participated in, authorized, ratified and/or conspired to engage in the wrongful conduct alleged in this Complaint. As such, Plaintiff should be awarded exemplary and punitive damages against each defendant and deter others from engaging in such conduct.

**THIRD CAUSE OF ACTION**
**Unfair, Unlawful, Fraudulent Business Practices**
**(Against DEFENDANT and DOE Defendants 1-20)**

40. Plaintiff re-alleges the foregoing paragraphs 1-39 of this complaint and incorporates same by reference as though set forth in full here.

41. California Business and Professions Code section 17203 in relevant part provides, "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined

8

in any court of competent jurisdiction. The court may make such orders or judgments…as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition."

42. As used in section 17203, "unfair competition" includes "any unlawful, unfair or fraudulent business act or practice."

43. Defendant engaged in unlawful business acts and practices against Plaintiff by: violating Government Code Sections 12940 et seq..

44. Plaintiff has suffered injury in fact and lost money as a result of DEFENDANT'S unfair competition.

45. Plaintiff requests restitution and disgorgement of profits.

## FOURTH CAUSE OF ACTION
### Failure to Provide Reasonable Accommodations Government Code Sect. 12940 et seq.
### (Against DEFENDANT and DOE Defendants 1-20)

46. Plaintiff re-alleges the foregoing paragraphs 1-45 of this complaint and incorporates same by reference as though set forth in full here.

47. At all times herein mentioned, California Government Code § 12940 et seq., FEHA, was in full force and effect and was binding on DEFENDANT, as DEFENDANT regularly employs five (5) or more persons.

48. Plaintiff's disability and/or medical condition limited her ability to engage in the major life activity of working.

49. Although DEFENDANT knew of Plaintiff's medical condition, defendants, and each of them, refused to accommodate Plaintiff's medical condition and instead terminated Plaintiff because of her medical condition. DEFENDANT'S actions were in direct contravention of FEHA.

COMPLAINT FOR DAMAGES

50. Plaintiff alleges that with reasonable accommodations she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

51. As a direct and legal result of Defendant's discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to his damage in an amount according to proof.

52. DEFENDANT had in place policies and procedures that specifically required its managers, officers, supervisors, and agents to prevent discrimination, retaliation, and harassment against and upon employees of DEFENDANT, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq.

53. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

54. The foregoing conduct of Defendants, individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard to Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code Sect. 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

55. Pursuant to Government Code Sect. 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to FEHA.

COMPLAINT FOR DAMAGES

### FIFTH CAUSE OF ACTION
#### Failure to Engage in the Interactive Process
#### (Against DEFENDANT and DOE Defendants 1-20)

56. Plaintiff re-alleges the foregoing paragraphs 1-55 of this complaint and incorporates same by reference as though set forth in full here.

57. California Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

58. DEFENDANT failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disability and/or medical condition, and instead DEFENDANT terminated Plaintiff's employment.

59. As a proximate result of the wrongful conduct of DEFENDANT, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

60. As a direct and legal result of DEFENDANT's discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general, and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to his damage in an amount according to proof.

61. DEFENDANT had in place policies and procedures that specifically required Defendant DEFENDANT's managers, officers, supervisors, and agents to prevent discrimination, retaliation, and harassment against and upon employees of DEFENDANT, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Each defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each defendant in an amount to

11

be established that is appropriate to punish each defendant and deter others from engaging in such conduct.

62. Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

## SIXTH CAUSE OF ACTION
### Wrongful Termination in Violation of FEHA
### (Against DEFENDANT and DOE Defendants 1-20)

63. Plaintiff alleges the foregoing paragraphs 1-62 of this complaint and incorporates same by reference as though set forth in full here.

64. At all times herein mentioned, California Government Code § 12940 et seq. was in full force and effect and was binding on DEFENDANT, as DEFENDANT regularly employed five (5) or more persons. California Government Code § 12940(a) provides that it is unlawful for an employer, because of sex or disability, to discharge a person from employment.

65. In or around April 17, 2020, Plaintiff's employment was terminated in violation of the FEHA, as alleged above.

66. As a proximate result of the aforesaid acts of DEFENDANT, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

67. As a proximate result of the wrongful acts of DEFENDANT, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon

12

alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

68. As a proximate result of the wrongful acts of DEFENDANT, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

69. DEFENDANT had in place policies and procedures that specifically required DEFENDANT managers, officers, supervisors, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### SEVENTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### (Against DEFENDANT and DOE Defendants 1-20)

70. Plaintiff alleges the foregoing paragraphs 1-69 of this complaint and incorporates same by reference as though set forth in full here.

71. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940 et seq., is to prohibit employers from engaging in the conduct alleged herein. This public policy is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of DEFENDANT and defendants, and each of them, in terminating Plaintiff on the grounds alleged herein were wrongful and in contravention of the express public policy of the State of California.

13

72. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated the FEHA is to prohibit employers from engaging in the conduct alleged herein. This public policy is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of defendants, and each of them, in terminating Plaintiff on the grounds alleged herein were wrongful and in contravention of the express public policy of the State of California.

73. As a proximate result of defendants' conduct, Plaintiff has suffered and will continue to suffer actual, consequential and incidental damages, including but not limited to, loss of wages and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code §§ 3287 and/or 3288 and/or any other provisions of law providing for prejudgment interest.

74. As a proximate result of defendants' conduct, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Upon information and belief, Plaintiff alleges that Plaintiff will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at trial.

75. In committing the acts alleged herein, defendants have engaged in oppression, fraud and/or malice pursuant to California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate under the law. The acts of oppression, fraud and/or malice were engaged in by the officers, directors and/or employees of defendants. Each defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conducted alleged in this complaint. As such, Plaintiff should be awarded exemplary and

14

punitive damages against each defendant in an amount that is appropriate to punish each

Defendant and deter others from engaging in such conduct.

76. Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff

is presently unaware of the precise amount of these expenses and fees. Plaintiff requests

attorneys' fees pursuant to Government Code § 12965.

## PRAYER

As a result of Defendant's conduct, Plaintiff suffered severe injuries and damages.

WHEREFORE, Plaintiff prays for judgment according to proof against each defendant as

follows:

1.  For compensatory damages in the amount according to proof;

2.  For general damages in the amount according to proof;

3.  For injunctive relief barring defendants from engaging in discriminatory employment

    practices and reinstating Plaintiff's position;

4.  For restitution under Bus. And Prof. Code Sect. 17200 et seq.;

5.  For punitive damages according to proof;

5.  For interest, both pre and post judgment, at the legal rate;

6.  For attorneys' fees, costs, and costs of suit incurred per Code, and;

7.  For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED: April 12, 2022            PACIFIC ATTORNEY GROUP

Brian Angelini, Esq.
Attorney for Plaintiff, STACY MACIAS

15

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Brian Angelini (SBN 234072)
PACIFIC ATTORNEY GROUP
856 S. Robertson Boulevard, Penthouse
Los Angeles, CA 90035
TELEPHONE NO.: (310) 659-6000   FAX NO.: Fax: (310) 659-4000
ATTORNEY FOR *(Name):* Plaintiff Stacy Macias

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/14/2022** at 04:45:23 PM

Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall Of Justice

CASE NAME:
Stacy Macias vs Superior Pool Products, LLC.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder | 37-2022-00014082-CU-WT-CTL |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of** Judge Gregory W Pollack
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Seven (7) Disability Discrimination, Harassment, Wrongful Termination
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 14, 2022

Brian Angelini, Esq.
*(TYPE OR PRINT NAME)*

▶ *Brian Angelini*
*(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

*American LegalNet, Inc.*

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

Contact Person:      LEGALCONNECT Support
Phone:               (800) 909-6859

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7071 |

PLAINTIFF(S) / PETITIONER(S):   STACY MACIAS

DEFENDANT(S) / RESPONDENT(S):   SUPERIOR POOL PRODUCTS LLC et.al.

MACIAS VS SUPERIOR POOL PRODUCTS LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00014082-CU-WT-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Gregory W Pollack                         Department: C-71

**COMPLAINT/PETITION FILED: 04/14/2022**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/16/2022 | 01:30 pm | C-71 | Gregory W Pollack |

Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise. Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

SDSC CIV-721 (Rev. 04-21)    **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**                Page: 1

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.